IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WAYNE E. LOCKE, | : |
|     Plaintiff, | : CIVIL ACTION NO. _____: |
| v. | : |
| INTERNATIONAL PAPER COMPANY, INTERNATIONAL PAPER COMPANY LONG-TERM DISABILITY PLAN, and SEDGWICK CLAIMS MANAGEMENT SERVICES, | : |
|     Defendants. | : |

## COMPLAINT

COMES NOW, Plaintiff in the above-styled action, WAYNE E. LOCKE, (hereinafter "Plaintiff"), and, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 et seq., shows this Court the following:

1.

Plaintiff is an individual residing at 384 Harmon Road, Reynolds, Taylor County, Georgia 31076.

2.

Plaintiff is a plan participant as defined by ERISA, and brings this action pursuant to 29 U.S.C. §1132(a)(1)(B) to recover benefits due to him under the terms of his plan.

3.

Defendant, International Paper Company (hereinafter "Defendant International Paper"), is a corporation organized and existing pursuant to the laws of the State of Tennessee.

Defendant International Paper at all times relevant to this Complaint maintained offices and conducted business in the State of Georgia. Service of process may be perfected upon Defendant International Paper's registered agent, C.T. Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

4.

International Paper Company Long-Term Disability Plan, (hereinafter "Defendant Plan"), is a self-funded welfare benefit plan sponsored by Defendant International Paper, which maintains offices and conducts business in the State of Georgia. Service of process may be perfected upon Defendant Plan via its agent for service of legal process, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

5.

Defendant Sedgwick Claims Management Services, Inc., (hereinafter "Defendant Sedgwick"), is a corporation organized and existing pursuant to the laws of the State of Illinois. Defendant Sedgwick at all times relevant to this Complaint maintained offices and conducted business in the State of Georgia. Service of process may be perfected upon Defendant Sedgwick's registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

6.

Jurisdiction is proper in this Court pursuant to 29 U.S.C. §1132(e)(1).

7.

Venue is proper pursuant to 29 U.S.C. §1132(e)(2).

8.

Plaintiff was employed by Defendant International Paper as a Process Control Tech.

Defendant International Paper provided Long-Term Disability (LTD) benefits via Defendant Plan.  At all relevant times hereto, Defendant International Paper Company, was an employer engaged in commerce; therefore, the Defendant Plan is governed by ERISA pursuant to 29 U.S.C. §1003(a).

9.

Defendant Plan is a self-funded welfare plan (Plan 514) which is sponsored and administered by Defendant International Paper.  However, pursuant to an administrative services agreement, Defendant Sedgwick handles claim administration.

10.

At all times during the course of his employment with Defendant International Paper, Plaintiff was a participant in Defendant Plan and is, therefore, entitled to LTD benefits from the same.

11.

Plaintiff's disability commenced on or about August 17, 2019, and he filed a timely claim for LTD benefits under Defendant Plan.

12.

Plaintiff provided Defendant Sedgwick with medical documentation that showed he was "disabled" under the terms of the Plan due to multiple impairments including:  arthritis in both hands, shoulder, sternum, and neck; hypertension; frequent headaches; diabetes; high cholesterol; GERD; Irritable Bowel Syndrome (IBS); bipolar disorder; depression; and anxiety.

13.

Upon review, Defendant Sedgwick denied Plaintiff's claim contending that the medical evidence did not support that Plaintiff was unable to perform the essential job functions of his

"own occupation."

14.

Plaintiff timely appealed Defendant Sedgwick's denial.  However, Defendant Sedgwick denied Plaintiff's appeal and affirmed its decision.

15.

On March 1, 2021, Plaintiff timely filed a second appeal, as well as subsequently submitted additional information in support of his appeal.  Plaintiff included in his submissions medical records, a clinical summary, a residual functional capacity questionnaire, and a "Notice of Award" from the Social Security Administration finding Plaintiff disabled and awarding Social Security Disability (SSDI) benefits.

16.

As of January 11, 2022, Defendant Sedgwick advised that Plaintiff's appeal was still under review.  However, three days later on January 14, 2022, despite Plaintiff's argument and submissions, Defendant International Paper affirmed the decision to deny Plaintiff's LTD benefits.  In its letter, Defendant International Paper completely ignored Plaintiff's argument and submissions, and instead incredulously contended that Plaintiff was not eligible for LTD benefits because he was separated from his employment approximately a year and a half after his disability onset date.  Moreover, Defendant International Paper's termination of Plaintiff's employment was well after his disability application and initial denial and during the appellate review.

17.

On February 2, 2022, Plaintiff responded to Defendant International Paper's January 14, 2022, letter and pointed out Defendant International Paper's flawed logic in that the termination

of Plaintiff's employment was irrelevant to his eligibility under Defendant Plan because his disability predated the termination of his employment.  Subsequently, Defendant Sedgwick indicated to Plaintiff's counsel that Plaintiff's claim was being reopened.  However, after several months, Plaintiff was told there would be no further review and that the decision was final.  Thus, at that point, Plaintiff had exhausted all of his administrative remedies.

18.

Defendant Sedgwick's failure to determine that Plaintiff is disabled and award him LTD benefits under Defendant Plan on the basis of his demonstrated "disability" was "arbitrary and capricious" and the result of its disregard of medical and vocational documentation showing that Plaintiff was "disabled" under the terms of the Defendant Plan.  Moreover, Defendant International Paper's decision to uphold the denial based on its flawed rationale that Plaintiff was not "eligible" under Defendant Plan because he was terminated a year and a half after his disability onset date in the midst of an appellate review of his denial was "arbitrary and capricious."

WHEREFORE, Plaintiff prays that this Court:

(a) Order Defendants to pay Plaintiff the amount of his full disability benefit accrued and unpaid to date;

(b) Order Defendants to reinstate Plaintiff as a beneficiary and to pay Plaintiff his monthly disability benefit to which he is entitled from this point forward;

(c) Award Plaintiff reasonable attorneys' fees, and cast all costs of this action against Defendants;

(d) Order Defendants to pay Plaintiff interest on all monies due and owed;

(e) Deny Defendants any applicable offsets as equitable relief.

(f) Provide Plaintiff such other and further relief that this Court may deem appropriate under the circumstances.

RESPECTFULLY SUBMITTED, this 11th day of July, 2022.

>WESTMORELAND, PATTERSON, MOSELEY
>   & HINSON, LLP
>Attorneys for Plaintiff
>
>
>s/BRADLEY G. PYLES
>Georgia Bar No.: 590545

577 Mulberry Street, Suite 600
Post Office Box 1797
Macon, Georgia 31202-1797
(478) 745-1651
brad@wpmhlegal.com